1  Charles D. Naylor, SBN 62243
   LAW OFFICES OF CHARLES D. NAYLOR
2  A Professional Corporation
   839 South Beacon Street, Suite 311
3  San Pedro, California 90731
   Telephone:  310-514-1200
4  Facsimile:   310-514-1837
   E-Mail:      cd.naylor@naylorlaw.com
5
6  Attorney for Plaintiff,
   KAREN KIM ETZKORN
7

8                  UNITED STATES DISTRICT COURT
9                  CENTRAL DISTRICT OF CALIFORNIA
10

11 KAREN KIM ETZKORN,              )  CASE NO: 2:15-cv-09871
                                   )
12           Plaintiff,             )
                                   )
13                                 )  COMPLAINT FOR DAMAGES
       vs.                         )  FOR PERSONAL INJURIES;
14                                 )  DEMAND FOR JURY TRIAL
                                   )
15 PRINCESS CRUISE LINES, LTD.,    )
                                   )
16           Defendants.            )
                                   )
17 _____ )

18

19       COMES NOW the plaintiff, KAREN KIM ETZKORN, (hereinafter
20 "Plaintiff") and for a cause of action against defendants, and each of them,
21 complains and alleges as follows:
22                        **I. JURISDICTION & VENUE**
23 1.     This is an action by for damages for personal injuries suffered while
24 plaintiff was a fare paying passenger aboard a cruise ship operating on navigable
25 waters. Jurisdiction is vested in this court under 28 U.S.C. § 1332, in that there
26 is complete diversity of citizenship between plaintiff and each of the defendants,
27 none of the defendants being citizens of the same state as plaintiff, and the
28 amount in controversy exceeds the sum of Seventy Five Thousand Dollars

1  ($75,000.00), exclusive of all interest and costs. In the alternative, jurisdiction
2  is vested in this court pursuant to 28 U.S.C. § 1333 and the general maritime law
3  of the United States, within the Admiralty Jurisdiction of this court, plaintiff's
4  claims arising from a tort which occurred on board a vessel engaged in
5  navigation on navigable waters. Venue is based on the forum selection clause
6  included in the terms of defendants passage contract.

## II GENERAL ALLEGATIONS

7
8  2.     At all times herein material defendant PRINCESS CRUISE LINES, LTD.,
9  was and is a corporation, with it's principal plaice of business in the State of
10 California, the County of Los Angeles and this judicial district.
11 3.     At all time herein material, plaintiff was and is a resident or the State of
12 Missouri.
13 4.     At all times herein material defendants, and each of them, owned,
14 operated, maintained, controlled and inspected the ISLAND PRINCESS
15 (hereinafter "vessel"), a foreign flag passenger cruise vessel which defendant
16 utilized to transport fare-paying passengers on cruises on navigable waters of the
17 United States and on the high seas.
18 5.     Prior to the departure date, Plaintiff purchased a ticket for a cruise aboard
19 the vessel with a scheduled departure from Venice, Italy on October 14, 2015,
20 and scheduled arrival date in Rome, Italy on October 25, 2015.
21 6.     On October 15, 2015 Plaintiff was aboard the vessel as a fare paying
22 passenger. On said date, after dinner aboard the vessel, Plaintiff was attending
23 an entertainment in the Explorer Lounge on the vessel. After the Karaoke show,
24 the activities director and other crew members solicited passengers to join them
25 on the dance floor to dance. The first dance was a Macarena in which Plaintiff
26 participated, and for which she was selected to receive a prize. After receiving
27 her prize, Plaintiff returned to her seat, but was invited to return the dance floor
28 to participate in the next dance.  Plaintiff did, but was not aware of the presence

of a liquid substance on the dance floor, or of the fact that the dance floor was unreasonably slippery when wet. When Plaintiff rejoined the activities director and other crew members on the dance floor, Plaintiff was the only passenger participating. Plaintiff was not warned that there was liquid on the dance floor or that the dance floor was unreasonably slippery where it was wet. The dance being led by the activities director required Plaintiff to walk forward and back and then kick up her leg. As Plaintiff stepped forward preparing to kick, she unknowingly stepped into the liquid on the dance floor, as a result of which she slipped, fell and sustained serious injuries including, but not limited to a fractured left wrist and left carpal tunnel syndrome.

7. As a direct and legal result of the incident alleged herein Plaintiff, was hurt and injured in her health, strength and activity, sustaining severe physical injury to her body, including but not limited to a fracture of and nerve damage to her left wrist, and shock and injury to her nervous system and person, all of which injuries have caused and continue to cause physical and emotional pain and suffering. Plaintiff is informed and believes, and thereupon alleges that some or all of the injuries will result in permanent damage, disability, pain and suffering, causing general damages in an amount within the jurisdictional requirements of this court.

8. As a further direct and legal result of the incident herein alleged, it was and continues to be necessary for Plaintiff to receive medical and/or psychological care and treatment. Plaintiff is informed and believes and thereon alleges that such care and treatment will be so necessary for an indefinite time in the future. The cost of medical and/or psychological care and treatment is not known at this time and plaintiff alleges as damages herein the amount of such cost according to proof at trial.

9. As a further direct and legal result of the incident herein alleged, Plaintiff was prevented from attending to her usual activities and occupation for a period

of time and is informed and believes and thereon alleges that she will continue to be so prevented for an indefinite period of time in the future, thereby resulting in a loss of earnings and earning capacity to Plaintiff, the exact amount of which is unknown at this time. Plaintiff alleges as damages herein the amount of such loss of earnings in an amount according to proof at trial.

## FIRST CAUSE OF ACTION AGAINST ALL DEFENDANTS
### (Negligence-General Maritime Law)

10. Plaintiff re-alleges and incorporates hereby by reference Paragraphs 1 to 9, inclusive, of the Jurisdiction, Venue and General Allegations of this Complaint as though the same were fully set forth.

11. As the owner and operator of the vessel, Defendant owed Plaintiff a duty to exercise reasonable care under the circumstances to avoid causing her personal injuries. Defendant had a further duty to warn plaintiff of any dangerous conditions which were known to Defendant or could have been know to Defendant by reasonable inspection.

12. Defendant breached it's duty of care to Plaintiff by causing and/or allowing the dance floor on which Plaintiff fell to be in a dangerous and defective condition, by causing and or allowing the dance floor to be unreasonably slippery when wet, by failing to properly inspect and maintain the dance floor, by failing to take appropriate remedial action and by failing to warn passengers, including Plaintiff, of the dangerous condition of the dance floor.

13. As a direct and legal result of defendants' breach of a duty of care owed to Plaintiff, Plaintiff was injured and suffered damages as aforesaid.

## PRAYER

WHEREFORE, Plaintiff prays for damages against defendants, and each of them, as follows:

1. For general damages in excess of $75,000.00 and according to proof;
2. For medical expenses, past and future, according to proof;

3. For loss of earnings and earning capacity, according to proof;

4. For prejudgment interest;

5. For costs of suit; and,

6. For other such relief as the Court may deem proper.

## DEMAND FOR JURY TRIAL

Plaintiff KAREN KIM ETZKORN, hereby demand trial by jury of the above-captioned matter.

December 23, 2015

LAW OFFICES OF
CHARLES D. NAYLOR

By: _____
Charles D. Naylor
Attorney for Plaintiff,
KAREN KIM ETZKORN